OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Angela Massey appeals the October 2, 2003 Judgment Entry entered by the Stark County Court of Common Pleas, which denied her Motion to Waive Court Costs. Appellant also appeals the October 15, 2003 Judgment Entry which denied her Motion to Vacate Order of Garnishment. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} On January 16, 1998, the Stark County Grand Jury indicted appellant on one count of complicity to commit burglary, in violation of R.C. 2923.03, a felony of the second degree. Appellant entered a plea of not guilty to the charge at her arraignment on January 23, 1998. At a pretrial hearing on February 11, 1998, appellant advised the trial court she wished to withdraw her former plea of not guilty and entered a plea of guilty to the charge. The trial court accepted appellant's guilty plea and sentenced appellant to a period of two years incarceration at the Ohio State Reformatory for Women at Marysville, Ohio. The trial court ordered a post-sentence PSI. The trial court memorialized appellant's conviction and sentence via Judgment Entry filed February 13, 1998.
{¶ 3} Subsequently, on August 25, 1998, appellant filed a Motion for Super Shock Probation pursuant to R.C. 2929.20. The trial court conducted a hearing on the motion on October 21, 1998. Via Judgment Entry filed October 23, 1998, appellant was placed on judicial release. The State subsequently filed a Motion to Revoke or Modify Probation. Appellant stipulated to a finding of probable cause. Following a final hearing on the matter, the trial court continued appellant's community control sanctions with additional conditions.
{¶ 4} After appellant failed to report to her probation officer and failed to pay restitution, the trial court revoked her community control sanctions, and reinstated the two year term of imprisonment via Judgment Entry filed September 29, 2003. On September 30, 2003, appellant filed a Motion to Waive Costs, which the trial court denied via Judgment Entry filed October 2, 2003. Appellant also filed a Motion to Vacate Order of Garnishment, which the trial court also denied via Judgment Entry filed October 15, 2003.
{¶ 5} It is from the October 2, 2003, and October 15, 2003 Judgment Entries appellant appeals, raising the following assignments of error:
{¶ 6} "I. The trial court erred in failing to waive court costs where the defendant filed an uncontested affidavit of indigency.
{¶ 7} "II. The trial court erred in failing to waive court costs by means of vacating the order of garnishment where the defendant is indigent."
 I, II
{¶ 8} Based upon this Court's decision in State v. Glosser
(Jun. 7, 2004), Stark App. No. 2003CA00374, unreported, we sustain appellant's assignments of error. The judgment of the Stark County Court of Common Pleas is reversed and the matter remanded to the trial court for further proceedings consistent with this opinion and the law.
Hoffman, P.J., Farmer, J. and Edwards, J. concur.
For the reason stated in our accompanying Memorandum-Opinion, the judgments of the Stark County Court of Common Pleas are reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion and the law. Costs assessed to appellee.